[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11812
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60185-BB-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LERONE BERNARD BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 28, 2020)

Before WILSON, LAGOA and BLACK, Circuit Judges.

PER CURIAM:

Lerone Bernard Butler appeals his convictions and 175-month sentence for one count of conspiracy to possess cocaine and heroin with intent to distribute, in violation 21 U.S.C. §§ 841(a)(1) and 846, one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of possession of heroin and fentanyl with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Butler argues there was insufficient evidence to support a guilty verdict because the confidential informant (CI) in the investigation—who was also Butler's brother—was not reliable and the investigation was flawed.  Butler also contends the district court erred in failing to dismiss the superseding indictment because the Government presented the grand jury with inaccurate information and because law enforcement mishandled the investigation.  Finally, Butler argues his sentence is substantively unreasonable because the district court failed to consider certain 18 U.S.C. § 3553(a) factors.  After review, we affirm.

## I. DISCUSSION

### A.  *Sufficiency of the Evidence*

Butler argues the evidence was insufficient to support his convictions, largely challenging the reliability of the CI.  The record, however, shows there was sufficient evidence from which "a reasonable fact-finder could have reached a conclusion of guilt beyond a reasonable doubt" on the conspiracy and possession

2

charges for which Butler was convicted. *See United States v. Majors*, 196 F.3d 1206, 1210 (11th Cir. 1999) (providing sufficiency of the evidence is a question of law that we review de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the government); *see also United States v. Ellisor*, 522 F.3d 1255, 1271 (11th Cir. 2008) (stating "the question is whether reasonable minds *could* have found guilt beyond a reasonable doubt, not whether reasonable minds *must* have found guilt beyond a reasonable doubt").[1]

To support a conviction for possession of a controlled substance in violation of 21 U.S.C. § 846, the government must prove that the defendant knowingly possessed a controlled substance with intent to distribute it. *United States v. Harris*, 20 F.3d 445, 453 (11th Cir. 1994). Count 2 of the superseding indictment, for possession of cocaine with intent to distribute, arose from a December 17, 2014 transaction in which the CI purchased cocaine from Butler's codefendant Larry Weems. At trial, the Government presented testimony from a law enforcement officer, along with audio and video recordings, showing the CI contacted Butler to

---

[1] When a defendant moves for judgment of acquittal at the close of the government's case and the motion is denied, and the defendant then presents evidence and fails to renew the motion, any objection to the sufficiency of the evidence is deemed waived, and our review is for a manifest miscarriage of justice. *See United States v. Bichsel*, 156 F.3d 1148, 1150 (11th Cir. 1998). After calling a single witness—the Government's case agent—to ask about a statement made by the last witness to testify, Butler did not renew his motion for judgment of acquittal. We do not address whether the manifest miscarriage of justice standard applies here because Butler's sufficiency of the evidence challenge fails even under a de novo standard of review.

purchase drugs, Butler facilitated the transaction between the CI and Weems, the CI purchased cocaine from Weems, and Butler spoke to the CI during and after the transaction to confirm the deal was going as planned. Count 3 of the superseding indictment, for possession of heroin and fentanyl with intent to distribute, was based on a February 3, 2016 transaction in which the CI purchased heroin from Butler and his codefendant Juan Dixon. Here, the Government presented testimony from an FBI special agent, again supported by audio and video recordings, showing the CI contacted Butler and Dixon to purchase heroin, met with them, gave Butler money, and obtained heroin. With respect to both transactions, law enforcement officers also testified the CI was searched for contraband ahead of time. On this evidence, viewed in the light most favorable to the Government, a "reasonable fact-finder could have reached a conclusion of guilt beyond a reasonable doubt" as to both possession counts. *See Majors*, 196 F.3d at 1210.

To support a conviction for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, the government must prove that: (1) a conspiracy existed; (2) the defendant knew of the essential objectives of the conspiracy; and (3) the defendant knowingly and voluntarily participated in the conspiracy. *See Harris*, 20 F.3d at 452. To establish a conspiracy, "the government need not demonstrate the existence of a formal agreement, but may instead demonstrate by

4

circumstantial evidence a meeting of the minds to commit an unlawful act."
*United States v. Toler*, 144 F.3d 1423, 1426 (11th Cir. 1998) (internal citation and quotation marks omitted).  Count 1 of the superseding indictment charged Butler with conspiracy to distribute cocaine, heroin, and fentanyl from May 2013 to November 2016.  In addition to the December 2014 and February 2016 transactions that Butler carried out with Weems and Dixon, the Government presented evidence of additional transactions involving Butler and other coconspirators, including the attempted purchase of four kilograms of cocaine in Orlando in 2013.  With respect to this transaction, a law enforcement officer and Orlando CI placed Butler on the scene, and the Orlando CI testified that another coconspirator planned to purchase drugs on Butler's behalf.  The Government also presented numerous recordings in which Butler discussed his suppliers, the price and quality of drugs, and the involvement of Weems and other individuals in drug trafficking activity.  Based on this evidence, viewed in the light most favorable to the Government, a reasonable jury could have found Butler guilty, beyond a reasonable doubt, of conspiring to possess cocaine and heroin with intent to distribute.[2]

On appeal, Butler mainly attacks the CI's reliability, arguing that the CI was

---

[2] The jury found Butler conspired to possess cocaine and heroin with intent to distribute, but no fentanyl.

a drug user who was paid to participate in the investigation. Numerous details cast doubt on his credibility, Butler contends, including that the CI did not follow instructions from law enforcement and had skimmed drugs on at least two occasions. Relatedly, he argues the investigation was flawed, as illustrated by law enforcement's handling of and reliance on the CI. That the CI's wife was armed during a meeting with Butler also shows confidential sources were not properly searched, Butler contends. Butler's arguments do not establish the evidence was insufficient to support his convictions. At trial, the jury heard testimony and cross-examination regarding the CI and the investigation procedures. It was free to reject Butler's challenges to the credibility of the CI and the propriety of the investigation. *See Majors*, 196 F.3d at 1210 (providing the jury is free to choose among reasonable constructions of the evidence); *United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009) (providing credibility determinations are left to the jury and a verdict will not be disturbed on appeal unless testimony is "incredible as a matter of law," relating to facts that could not have been observed or events that could not have occurred).

B. *Motion to Dismiss the Superseding Indictment*

A district court may dismiss an indictment obtained in violation of the Constitution or laws of the United States or, pursuant to its supervisory power, when there is "an abuse of the grand jury process such as perjury or government

misconduct." *See United States v. Pabian*, 704 F.2d 1533, 1536 (11th Cir. 1983); *United States v. DiBernardo*, 775 F.2d 1470, 1475 (11th Cir. 1985). In either case, the defendant must show prejudice. *See Pabian*, 704 F.2d at 1540; *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988). When a motion to dismiss an indictment is based on government misconduct that occurred during a grand jury proceeding, the motion will be granted only when the misconduct "'substantially influenced the grand jury's decision to indict' or when there is 'grave doubt that the decision to indict was free from the substantial influence of such violations.'" *United States v. Cavallo*, 790 F.3d 1202, 1219 (11th Cir. 2015) (quoting *Bank of Nova Scotia*, 487 U.S. at 256). A constitutional violation occurs when law enforcement's technique is "so outrageous that it is fundamentally unfair and 'shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment.'" *United States v. Ofshe*, 817 F.2d 1508, 1516 (11th Cir. 1987) (quoting *United States v. Russell*, 411 U.S. 423, 432 (1973)). Such conduct is evaluated under the totality of the circumstances. *Id.*

The district court did not abuse its discretion in denying Butler's motion to dismiss the superseding indictment. *See Cavallo*, 790 F.3d at 1219 (providing the denial of a motion to dismiss an indictment is reviewed for an abuse of discretion, but issues of law are reviewed de novo). Butler moved to dismiss the superseding indictment on Fifth Amendment due process grounds, arguing the grand jury was

7

not informed that the CI's wife was not searched for weapons or contraband prior to her meetings with Butler and could have been the actual source of narcotics. This alleged misconduct fails to show prejudice, as no drugs were exchanged on the two occasions referenced in the motion involving the CI's wife, and the record does not indicate the CI's wife was present for any of the drug transactions listed in the superseding indictment or presented at trial. In addition, the Government submitted evidence the CI was searched before any controlled purchases and was consistently recorded and surveilled.

Butler also argued the investigation lacked oversight, and law enforcement officers knew the CI was a drug user who wanted to entrap Butler into possessing a firearm so he could be charged with another offense. Under the totality of the circumstances, however, this conduct falls short of being so outrageous as to be "fundamentally unfair and shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment." *Ofshe*, 817 F.2d at 1516 (quotation marks omitted). The district court therefore did not abuse its discretion in denying Butler's motion to dismiss the superseding indictment.

## C. *Substantive Reasonableness*

On substantive reasonableness review, we will vacate a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence

8

that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).  A defendant challenging his sentence bears the burden of establishing that it is unreasonable.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public.  18 U.S.C. § 3553(a)(2).  The court must also consider factors including the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the guideline range, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

Butler's sentence is not substantively unreasonable under the totality of the circumstances.  *See Gall v. United States*, 552 U.S. 38, 51 (2007) (providing the substantive reasonableness of a sentence is reviewed for an abuse of discretion in light of the totality of the circumstances).  Butler contends the district court failed to consider his physical health, the age of a prior conviction, the disparity between his sentence and those of his codefendants, and the fact he never contacted the CI

9

other than when he was contacted first.  The record shows, however, that the court invited Butler to address the § 3553(a) factors he believed were relevant and considered Butler's arguments.  In imposing the sentence, the court specifically noted Butler's physical injuries had not prevented him from committing the underlying crimes, Butler's prior conviction for similar drug trafficking activity had not served as a significant deterrent, and Butler's codefendants had played different roles than he did.

While the district court took into account the mitigating circumstances that Butler presented, it ultimately assigned greater weight to factors such as deterrence, punishment, and the need to promote respect for the law.  Doing so was not an abuse of discretion.  *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (providing the weight assigned to a particular sentencing factor lies within the sound discretion of the district court); *see Irey*, 612 F.3d at 1189 (stating a district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors") (quotation marks omitted).  That Butler's sentence falls well below the statutory maximum term of 240 months' imprisonment and was within the guideline range are further indications of its reasonableness.  *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014)

10

(stating a sentence well below the statutory maximum penalty indicates reasonableness and we will ordinarily expect a within-guidelines sentence to be reasonable).

## II.  CONCLUSION

For the reasons above, the evidence was sufficient to support Butler's convictions, and the district court did not abuse its discretion in denying Butler's motion to dismiss the superseding indictment or in sentencing Butler to a term of 175 months' imprisonment.  We therefore affirm Butler's convictions and sentence.

**AFFIRMED.**